# EXHIBIT D



AlaFile E-Notice

01-CV-2009-002318.00

Judge:

To: HAHN WILLIAM PATTON
phahn@bakerdonelson.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

THE BANK OF NEW YORK MELLON V JEFFERSON COUNTY, ALABAMA ET AL
01-CV-2009-002318.00

The following matter was FILED on 7/8/2011 9:57:36 AM

Notice Date:     7/8/2011 9:57:36 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
7/8/2011 9:57 AM
CV-2009-002318.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, *et al.*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CV-2009-002318.00 ) |
| JEFFERSON COUNTY, ALABAMA, *et al.*, | ) ) |
| Defendants. | ) |

**ORDER**

Upon consideration of the Motion to Amend Receiver Order filed by Receiver John S. Young, Jr., LLC (the "Receiver") the Court ORDERS as follows:

1. Upon the entry of this Order, the County (including but not limited to the County Finance Director) is directed immediately to take all necessary steps, including executing any required documentation or agreements, to provide signatory authority over all existing bank accounts related to the System ("Existing Accounts") and any other Cash Equivalent Assets to the Receiver (and the Receiver's designees as directed by the Receiver in writing), with all current signatories being removed. Existing Accounts include, without limitation, the following accounts:

| Account Name | County SAP Ref. |
|---|---|
| Regions Bank Sewer Revenue Checking | 100100 |
| Jefferson County Sewer Revenue New acct 06/08 | 100130 |
| 2003-C Escrow | 107190 |
| 2002-C Escrow | 107200 |
| 2003-B Escrow | 107210 |

The County shall cause the Finance Director to certify to the Receiver that the County has fully complied with this Order within five business days of the date hereof.

2. Thereafter, John S. Young, Jr., in his capacity as the manager of the Receiver, shall be the only person with authority to change the signatories to the Existing Accounts until

further order of this Court. Under the terms of the Receiver Order, the County has no authority over the Existing Accounts or other Cash Equivalent Assets other than (i) to provide exclusive signing authority to the Receiver (or the Receiver's Designee as directed in writing by the Receiver) over the Existing Accounts and any other Cash Equivalent Assets and (ii) as otherwise directed in writing by the Receiver. The County's Finance Director and Treasurer shall continue to have access to deposit, transaction, and balance information about the Existing Accounts in the same manner that they currently have this information. By changing the persons with signatory authority on the Existing Accounts (or any other accounts), the ownership of the funds in such accounts is not affected.

3. The Receiver is authorized to open such other accounts as it deems advisable in its business judgment for the operation and administration of the System in the name of the County for the maintenance and deposit of System Revenues, Cash Equivalent Assets, and funds of the System, and to apply and disburse monies from such accounts as are necessary for the operation and maintenance of the System and as otherwise required by the terms of the Receiver Order. The Receiver shall take such steps as are necessary to ensure that any such accounts are opened and maintained in such a manner as to preserve the tax-free status of System Revenues and not adversely affect the tax-exempt status of the Warrants, and so that such accounts receive, to the extent possible, the same protection as accounts currently maintained by the County with regard to System Revenues.

4. The Court is of the opinion that the Court's Order of September 22, 2010 clearly provided the Receiver with the authority expressly granted herein. This Order is entered to clear up any misplaced belief to the contrary any party may have. There should be no further debate as to the Receiver's sole and exclusive right and authority to control all accounts related to the

System and System Revenues, and the System generally as provided in the Court's Order of September 22, 2010. This Order is intended to clarify and confirm the grant of power and authority to the Receiver in the Receiver Order, which remains in full force and effect according to its terms and conditions and to which the County, Trustee, and the Receiver all remain subject. Nothing herein should be construed to restrict or reduce the Receiver's power and authority under the Receiver Order or otherwise alter or amend the Receiver Order, except for the requirement that the County provide signatory authority over the Existing Accounts in accordance with the terms of this Order.

5. The County, its Commissioners and Finance Director are ORDERED to comply with the terms hereof and to take any and all steps requested by the Receiver to effect the terms hereof by 3:00 p.m. central time on the business day following the entry of this Order. If the authority granted herein is not provided to the Receiver as directed above, the Court will immediately begin contempt proceedings against any person (including but not limited to members of the County Commission and other County officials) interfering with or hindering the complete and immediate implementation of this Order.

6. This Order is also intended to provide notice to any and all persons, including any financial institution, of the Receiver's sole and exclusive authority to control all existing and future accounts related to the System and System Revenues, as well as the System generally, until further order of this Court. Any and all persons, including any financial institution holding the Existing Accounts or any other existing or newly-created accounts holding System Revenues or Cash Equivalent Assets, shall have no liability, whether to the County, the County's creditors (including bondholders), or otherwise, for any action or inaction in complying with the terms hereof.

So ORDERED, this the 8th day of July, 2011.

                                                  <u>s/Albert L. Johnson</u>
                                                  Circuit Judge