# EXHIBIT E



BRADLEY ARANT
BOULT CUMMINGS LLP

**Jay Bender**
Direct: (205) 521-8465
Fax: (205) 488-6645
jbender@babc.com

November 9, 2011

**By Email, Confirm by Hand Delivery**
Timothy M. Lupinacci, Esq.
W. Patton Hahn, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
Wachovia Tower, Suite 1600
420 North 20th Street
Birmingham, AL 35203-5202

**Re: In re Jefferson County, Alabama / Notice of Filing of Chapter 9 Case**

Dear Tim and Patton:

Earlier today, my client Jefferson County, Alabama (the "County"), filed a petition for relief under chapter 9 of the U.S. Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Alabama. A copy of the petition is enclosed for your reference.

Pursuant to Sections 362 and 922 of the Bankruptcy Code, the filing of the County's petition operates as a stay of, among other things, (1) the continuation of all judicial, administrative and other actions or proceedings against the County that were commenced before the filing of the bankruptcy petition; (2) the enforcement, against the County or against any property of the County, of any judgment obtained before the commencement of the County's bankruptcy case; (3) any act to obtain possession of property of or from the County; (4) any act to exercise control over property of the County; (5) any act to enforce any lien against property of the County; (6) any act to collect, assess or recover a claim against the County that arose before the commencement of the County's chapter 9 case; and (7) the commencement or continuation of a judicial, administrative or other action or proceeding against an officer or inhabitant of the County that seeks to enforce a claim against the County.

Prior to the commencement of the County's chapter 9 case, The Bank of New York Mellon, in its capacity as indenture trustee (the "Indenture Trustee") under a trust indenture (as amended and supplemented, the "Indenture") for certain non-recourse sewer revenue warrants (the "Sewer Warrants") issued by the County with respect to its sanitary sewer system (the "Sewer System"), filed suit against the County (the "State Court Action") in the Circuit Court of Jefferson County, Alabama (the "State Court"). In the State Court Action, the Indenture Trustee sought to enforce its lien upon the County's net Sewer System revenues securing the repayment of the Sewer Warrants by, among other things, asking the State Court to appoint a receiver to take possession and control over the Sewer System and the revenues therefrom.

One Federal Place 1819 Fifth Avenue North   Birmingham, AL 35203-2119   205.521.8000   205.521.8800   BABC.COM

In September 2010, relying upon Alabama Code § 6-6-620 (which is specifically part of the Remedies Chapter of the Civil Practice Title of the Code of Alabama) and Section 13.2 of the Indenture ("Remedies on Default") and for the purpose of enabling the Indenture Trustee "to be made whole or as nearly so as reasonably possible," the State Court entered an order (the "Receiver Order") granting the Indenture Trustee's request and appointing your client, John S. Young, Jr. LLC, as the receiver for the Sewer System (the "Receiver"). The Receiver has since assumed possession of, and exercised control and operation over, the Sewer System, the revenues generated by the Sewer System, and other property of the County incidental thereto, in order to pursue payment and satisfaction of the Sewer Warrants and the money judgment contained in the Receiver Order.

In July of this year, the State Court entered a further order (the "Signature Authority Order"), directing the County to provide signature authority over all existing bank accounts relating to the Sewer System (collectively, the "Existing System Accounts") and any other "Cash Equivalent Assets" (as that term is defined in the Receiver Order) of the Sewer System to the Receiver. In response to the Signature Authority Order, the County has provided the Receiver (or its designee) with exclusive signing authority over all the Existing System Accounts and other Cash Equivalent Assets of the Sewer System. As the Signature Authority Order makes clear, the County's provision of signature authority to the Existing Accounts did not and does not affect the County's ownership of those accounts or the funds deposited therein.

The County's Chapter 9 filing automatically stays not only the State Court Action and all proceedings therein or incidental thereto, but also the commencement and continuation of any actions by the Receiver with respect to the Sewer System, the revenues generated by the Sewer System, or any other property of the County. Without limitation, the automatic stay expressly forbids any person from taking any act to exercise control over property of the estate, which means property of the debtor in a Chapter 9 case. 11. U.S.C. §§ 362(a)(3), 902(1). These sections require that a creditor that has obtained prepetition possession of a debtor's property "voluntarily turn over property taken lawfully prepetition, when so requested by the debtor postpetition, [and failure to do so] is a violation of the automatic stay." *General Motors Acceptance Corp. v. Ryan*, 183 B.R. 288, 289 (M.D. Fla. 1995); *accord, Sternberg v. Johnston*, 595 F.3d 937, 943-44 (9th Cir. 2009) ("[T]he onus to return estate property is placed upon the possessor; it does not fall on the debtor to pursue the possessor."); *State of California Employment Dev. Dep't v. Taxel (In re Del Mission Ltd.)*, 98 F.3d 1147, 1151 (9th Cir. 1996); *Knaus v. Concordia Lumber Co. (In re Knaus)*, 889 F.2d 773 (8th Cir. 1989) (affirming an award of compensatory and punitive damages for violation of the automatic stay). As explained at length in a recent Seventh Circuit opinion:

> [T]o hold that "exercising control" over an asset encompasses only selling or otherwise destroying the asset would not be logical given the central purpose of reorganization bankruptcy. The primary goal of reorganization bankruptcy is to group all of the debtor's property together in his estate such that he may

rehabilitate his credit and pay off his debts; this necessarily extends to all property, even property lawfully seized pre-petition.

*Thompson v. General Motors Acceptance Corp.*, 566 F.3d 699, 702 (7th Cir. 2009).

Accordingly in order to avoid contempt, the Receiver must, and the County hereby demands that the Receiver, immediately cease from exercising any further control over any of the County's property, relinquish possession and control of all County property, relinquish to the County all responsibility for the operation and control of the Sewer System and all other property described in the Receiver Order and the Signature Authority Order, stop all efforts to collect any accounts relating to the Sewer System, and restore to the County sole signature authority over all the Existing System Accounts and any other "Cash Equivalent Assets" of the Sewer System. The County further demands that the Receiver immediately cease all efforts to comply with the rate covenant of the Indenture (the "Rate Covenant"), or to otherwise increase, alter or amend the rates for usage of the Sewer System (the "Sewer Rates"), and cease all other actions provided for or contemplated by the Receiver Order. Any such actions are stayed by, among other provisions, Sections 362(a)(2), 362(a)(6) and 922(a) of the Bankruptcy Code. *See* 11 U.S.C. §§ 362(a)(2), 362(a)(6), 922(a); *see also In re New Magma Irrigation & Drainage District*, 193 B.R. 528, 536 (Bankr. D. Ariz. 1994) (finding tax assessment contemplated by counties to pay bond indebtedness of municipal corporation was stayed by Section 362(a)(6) because "the tax seeks to collect and pay upon a debt owed by the Debtor to its creditors" and by Section 922(a) "as it would result in the counties taking action against an inhabitant of the Debtor to enforce a claim against the Debtor").

The County has confirmed that all net Sewer System revenues in the possession of the Receiver, after payment of Operating Expenses (as that term is defined in the Indenture) for the month of October 2011, were remitted to the Trustee by the Receiver prior to the Filing Date for application to the indebtedness owed on the Sewer Warrants. As Sewer System Operating Expenses for the month of November 2011 have not yet been paid in full, there are no net Sewer System revenues, *i.e.*, Sewer System revenues subject to the lien of the Indenture, in the possession of the Receiver on the Filing Date. Accordingly, Section 922(d) of the Bankruptcy Code creates no exception to the foregoing demand. Post-petition, the County will segregate those net Sewer System revenues that remain after payment of the operating expenses of the Sewer System in accordance with the Indenture and 11 U.S.C. § 928(b). The County is prepared to meet and confer with the Trustee regarding the protocol for the segregation of net System Revenues and for the post-petition expenditure of System Revenues to pay operating expenses of the Sewer System.

The Receiver should immediately relinquish possession and control of all County property in accordance with the preceding demand and comply with the instructions of Environmental Services Department for the County, regarding County property. The County will assume management authority for the Sewer System going forward. The County will account to the appropriate parties for all property delivered by the Receiver and, with respect to all net Sewer System revenues subject to the lien of the Indenture Trustee, shall take appropriate

steps to ensure that those net Sewer System revenues are segregated and not commingled with any other funds of the County as heretofore described.

The protection afforded by the Bankruptcy Code's automatic stay provisions was a material factor in the County's decisions to file for Chapter 9. The automatic stay provides the County with the time and opportunity to pursue confirmation of its chapter 9 plan for the adjustment not only of the Sewer Warrants, but also other obligations of the County. The County will take all appropriate action to ensure that all parties, including the Receiver and the Indenture Trustee, honor and abide by the terms of the automatic stay as the County proceeds with its debt adjustment efforts. The Receiver should govern itself accordingly.

To summarize, the County demands that the Receiver immediately (A) cease exercising any possession of, or control over, any County property; (B) relinquish to the County all responsibility for the operation and control of the Sewer System and all other property described in the Receiver Order and the Signature Authority Order; (C) cease all efforts to collect any accounts relating to the Sewer System; (D) restore to the County sole signature authority over all the Existing System Accounts and any other Cash Equivalent Assets; (E) cease all efforts to enforce or attempt to enforce the Rate Covenant or otherwise increase, alter, or amend the Sewer Rates; and (F) cease all other actions provided for or contemplated by the Receiver Order or Signature Authority Order and take no action in furtherance of any right or power conferred under the Receiver Order or Signature Authority Order, including, without limitation, seeking compensation out of or from Sewer System revenues.

As you are aware, the Receiver has failed to reimburse the County for Sewer System overhead expenses and legal fees and expenses, as specifically required by the Indenture. Without limiting the foregoing, the County's demand includes the demand that the Receiver release and pay over to the County funds sufficient to reimburse the County for the Sewer System's overhead expenses and legal fees and expenses. To the extent sufficient funds are not on hand to reimburse the County in full, the County reserves all rights, claims and defenses.

Please confirm to the undersigned not later than the close of business on November 10, 2011 that the Receiver will immediately comply with the requirements set forth above.

Sincerely,

Jay Bender

JRB
Enclosure

cc:    Larry Childs (by email w/ encl)
       Jeffrey Sewell (by email w/o encl.)

Timothy M. Lupinacci, Esq.
W. Patton Hahn, Esq.
November 9, 2011
Page 5

      Kenneth Klee (by email w/o encl.)
      Lee Bogdanoff (by email w/o encl)
      Patrick Darby (w/o encl.)
      Joseph B. Mays (w/o encl.)
      Dylan Black (w/o encl.)
      Roger Jones (w/o encl.)