# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

IN RE:                      )

                           )     **Case No.: 11-05736-TBB-9**

**JEFFERSON COUNTY, ALABAMA,**    )

                           )     **Chapter 9 Proceeding**

        **DEBTOR.**          )

## OBJECTION OF CHARLES WILSON (AND THOSE SIMILARLY SITUATED AS RATE PAYERS) TO DISCLOSURE STATEMENT

Comes now Charles E. Wilson, David Harris, III, Mike Agnesia, individually and on behalf of a putative class of other individuals and entities similarly situated (hereinafter referred to "Rate Payers"), parties in interest in the above styled case, and hereby object to the Amended Chapter 9 Disclosure Statement (the "Disclosure Statement") filed by the Debtor, Jefferson County (the "Debtor," "Jefferson County" or "the County") and the proposed Amended Chapter 9 Plan of Adjustment (the "Plan") as follows:

### INTRODUCTION

Debtor's Disclosure Statement regarding Chapter 9 Plan of Adjustment was originally filed on June 30, 2013; it was amended by submissions on July 29, 2013, simultaneously with its proposed Amended Chapter 9 Plan of Adjustment. The Disclosure Statement, even as amended, lacks adequate information and, therefore, should not be approved. While the United States Bankruptcy Court for the Northern District of Alabama, Southern Division ("Court") is constrained by the United States Constitution and the applicable separation of powers and related clauses, as incorporated within Chapter 9, the Disclosure Statement presupposes that a confirmed Plan somehow could overrule applicable Alabama constitutional, statutory, and case authority.

## BACKGROUND

Rate Payers filed suit in the Circuit Court of Jefferson County, which action was assigned Case No. CV-2008-901907 (the "Wilson Litigation") alleging essentially two types of cause of action. Count I of the Wilson Litigation was removed to this Court on December 15, 2011, where it remains pending; Count II is stayed pursuant to 11 U.S.C. § 362(a) and § 922.

Before any part of the action was removed to this Court, various Defendants filed Motions to Dismiss premised, in part, upon allegations that the Plaintiffs lacked standing to pursue the action. Each of such Motions to Dismiss was denied, and a mandamus petition was submitted to the Supreme Court of Alabama with respect to such denied Motions. The action, both at the Circuit Court level and the Alabama Supreme Court level, has been stayed without further ruling, thereby leaving the determination of standing of the Rate Payers as held by the Trial Court. The action filed by Rate Payers ultimately seeks recognition as a class of sewer rate payers, potentially constituting all individuals who are subject to payment of sewer rates applicable to the sewer system of the Debtor.

Somewhat in recognition of the fraud, suppression, unjust enrichment and conspiracy conducted by members of its own Commission, Jefferson County brought its own suit against JPMS, J.P. Morgan Chase, Blount, Parrish & Company, Charles LeCroy, Douglas MacFaddin, Larry Langford, William Blount, and Albert LaPierre before the Circuit Court of Jefferson County, Alabama. Such action was assigned Case No. CV-2009-903641. Taken upon its face, it appears that the Debtor recognizes and alleges criminal misconduct by virtually every named Defendant in the action initiated by Rate Payers. The Wilson Litigation, however, is on behalf of the individual rate payers and not on behalf of the County. It is not a derivative action. See *Water Works Board of Town*

2

*of Parrish v. White*, 281 Ala. 357, 202 So.2d 721 (1967). Instead, Count I constitutes a stand-alone proceeding against many of the same individuals and Defendants, for many of the same allegations alleged by the County; whereas Count II seeks additional and totally different relief. The action initiated by Jefferson County has not been removed to this Court but was stayed by consent of all parties. No discovery into the actual or alleged misconduct was undertaken and, because of imposition of the stay in the Wilson Litigation, very limited discovery has been undertaken there. The actual conduct of the convicted defendants is known, but complicity by the balance of the parties remains hidden and will never be revealed except through continuation of the Wilson Litigation.

In determining adequacy of the Disclosure Statement, bankruptcy courts under Chapter 9 presumably rely upon many of the same case authority and elements/factors identified with respect to a Chapter 11 proceeding. The County has adopted § 1125(a)(1) in acknowledging that "adequate information" is required. Moreover, §943 addresses issues and factors necessary for Plan confirmation. In so doing, parties in interest who have a right to vote upon the Plan posed by the Debtor must be provided sufficient information to realistically and reasonably analyze the position of the Debtor and the proposed Plan. The information must be sufficient to enable creditors to make their own informed decision with respect to how to vote on the Plan. Section 943 also suggests that information must be fully and reasonably disclosed, necessary regulatory approval must be obtained, and the Plan must be feasible.

## OBJECTIONS

1.      Objection is made to the proposed Plan's description of the Wilson Litigation in Section IV H (1). There is no disclosure of the fact that the plaintiffs in the Wilson Litigation were ruled to have standing to bring their claims. Likewise, there is a failure to disclose that Jefferson

3

County has asserted in court that it does not represent the ratepayers of the Jefferson County sewer system. Furthermore, there is no disclosure of the applicable law which holds that non-parties to a proceeding cannot be subjected to the *res judicata* or collateral estoppel effect as described in the proposed Plan.

Unfortunately, while Jefferson County sets forth its own position and maintains that such rights belong to and can be settled only by the Debtor; that obviously is not the position of Wilson and is not the law. This is not a derivative action but as the Jefferson County Circuit Court has already determined, the Plaintiff(s) have independent standing to pursue the action for their own rights and in their own name. The County is not, itself, a "Rate Payer." *Water Works Board, supra*. Unless or until the Alabama Supreme Court reverses such Order, the Order remains the law of this case and cannot be overruled simply by allegations of the Debtor in its Disclosure Statement.

For instance, the Disclosure Statement fails to identify with any degree of detail or certainty that Count I of the State Court Complaint, which is now the subject of the Adversary Proceeding after removal, contains allegations that, as a result of the corruption, fraud, graft and illegal activities of both prior Commissioners and the financing-entity Defendants, the swap agreements which resulted in the inflated interest and excessive and crippling debt for the sewer system are due to be avoided *ab initio*. As a result, all fees paid by Jefferson County and received by such financing institutions (including, but not limited to, premiums paid for underwriting, legal counsel, costs, fees and other monies paid to facilitate such swaps and/or financing contracts) are due to be returned to Jefferson County for the benefit of the Rate Payers. Failure to return those monies subjects the Rate Payers to increased and confiscatory sewer service rates, all due to the fact that the sewer system financing and debt can only be paid via the revenue of the sewer system itself and cannot be satisfied

4

by any other budgeting or account of the County - as prescribed by Alabama law. Rates must not be discriminatory and unreasonable. In fact, the rules, regulations and charges in adopting the rates must themselves all meet this standard. Amendment 73 of the *Constitution of Alabama*, 1901. Confirmation of the Plan would not extinguish this claim asserted on behalf of the Rate Payers, and even though the putative class could not pursue the Debtor post-confirmation, the remaining Defendants (who are not themselves in bankruptcy) would remain subject to the allegations either as remanded to the State Circuit Court or as completed through the Adversary Proceeding retained by this Court. Rate Payers will not vote in favor of the proposed Plan (and are not subject to the Commutation Election) so no conclusive release described on page 124 of Section V applies.

Moreover, and unstated in the Disclosure Statement, Count II remains pending in the Circuit Court, albeit stayed pursuant to §362(a) and §922. This particular Count alleges that the then current sewer rates (pre-adjusted by Plan confirmation) already had increased by approximately 300% between 1997 and 2005. They were unreasonable and confiscatory, and that Count requests that the Circuit Court find that such rates were inappropriate and must be reset for that earlier period of time by the County Commission. Pursuant to Alabama law, all totally undisclosed in the Disclosure Statement, rates established by the County Commission are subject to review by the appropriate Circuit Court to determine whether such rates are, in fact, reasonable. See generally, *Water Works Board, supra.* If the Circuit Court determines that the rates are reasonable, only then would the rates go into effect as dictated by law. However, if found to be unreasonable, the Jefferson County Commission then would be charged with re-determining a rate that is reasonable, non-confiscatory and non-discriminatory to the sewer system Rate Payers of Jefferson County. Count II would not be extinguished by Plan Confirmation and, moreover, confirmation of the Plan with the undefinable

5

rates now described, also must still be subject to review by the appropriate Circuit Court authority to determine whether, in fact, such newly identified rates are themselves reasonable, non-confiscatory and non-discriminatory to the sewer system Rate Payers.  See 11 U.S.C. § 943(b)(6).

2.    Objection is made to the extent this Plan does not disclose or explain any methodology to determine the reasonableness of the rates that are called for as a result of this Plan. Moreover, the Plan may be premature as new rates may be determined as soon as October, 2013.

In point of fact, the information is so indistinct, the <u>Wall Street Journal</u> suggests that the "new debt" for the County may exceed the "old debt" of the County ($6 billion as distinguished from $4.2 billion).  Apparently, the County Commission, itself, now has realized that its initial projections and analyses were "optimistic" and such rates or projections were adjusted or altered with the amended pleadings. (See footnote 16 to Disclosure Statement, p. 133.)  Yet readers have no way to analyze whether these newly suggested rates are any better than those first suggested.

In the absence of stated and established criteria, stated and  established factors, and transparency with respect to the analysis undertaken, no reader can gain insight as to what such rates ultimately will be; whether they will, in fact, be fair, non-confiscatory and non-discriminatory as required by Amendment 73 of the *Constitution of Alabama*, 1901.  Whether the County Commission actually is considering "realistic," as distinguished from "optimistic" information, in its analysis cannot be ascertained.

3.    Objection is made to the Financing Plan in that it fails to identify the assumptions made for its projection and likewise completely fails to disclose test outcomes under adverse conditions which, as is already well known to the County and others because of the current financial

6

status of the County, are conditions that must be considered before any financing plan can be said to have any degree of financial certainty.

This Disclosure Statement fails to explain with any amount of necessary detail what the capital expenditures and operating expenses of the sewer system will be on a moving forward basis.For example, there is nothing submitted from any independent consultant that sets forth what amounts will be necessary to maintain the sewer system, operate the sewer system, comply with future regulatory changes. Furthermore, there is nothing contained in the Disclosure Statement that reflects that the County has considered in its future operating costs that the sewer system is a depreciating asset. Additionally, there is no identification of how much it will cost in capital expenditures to expand the system or how much operating costs will be affected by any expansion.These glaring omissions call into serious question the feasibility of this Plan at all.

4.      Objection is made to the Plan in that it fails to disclose or describe what roles the financing institutions played in the corruption that is described in III B (3) and that lead to the County's current financial state.  Likewise, there is no disclosure of the fact that numerous employees and agent of those banks have already been convicted criminally and/or still face criminal charges. Furthermore, there is no full disclosure of what, if any, penalties, fines and/or fees were paid by the various banks and financial institutions as a result of investigations and/or charges were initiated by entities such as the Securities and Exchange Commission. The Rate Payers believe this information should be disclosed in detail. Additionally and to the extent these same financial institutions are participating in the current financing of the Plan, the respective roles of each and every financial institution is not described. Likewise there is no disclosure of how or if there are or will be any checks and balances to ensure that there is no repeat of the same financial graft that has

7

occurred previously and that lead to the enormous debt load borne by the Rate Payers of the sewer system.

Alleged "concessions" and factors supporting settlement are alluded to in pages 91-99, but no dollar amount is identified for such purported concessions. How do such concessions compare to dollars received illegally? Broad assertions found in Section V, without detailed data, are insufficient. A mere four paragraphs found between pages 121 and 124 (without a single dollar amount mentioned, without any detail of how derived or why, really, such proposals are better than completed litigation) are conclusary at best.

5.    Objection is made to the proposed Plan in that it fails to disclose any recent financial data from the County. Indeed the proposed Plan only includes financial data from 2011 and not beyond. There is no way of knowing whether any of the undisclosed assumptions made for the financial projections are either true, reasonable or reliable. Likewise, without such information there is no way of knowing whether the financial costs associated with this plan are accurate or even reliable given the absence of financial data from Jefferson County. Without the disclosure of updated financial data, there is no way to accurately predict whether any payments and future payments by the County is feasible. The County's fiscal year budget that is attached to the proposed Plan does not show or reflect whether said budget is on track for the contemplated expenditures or not. Finally, given the age of this litigation and the fact that Jefferson County has only disclosed outdated financial information and data after all this time, there is a no way of knowing whether the County can even produce any up-to-date financial information at all.

6.    Objection is made with respect to the lack of candor in the description of The New Sewer Rate Structure at section IV M. This Plan does not disclose the details of any such public

8

meeting referenced in said section and fails to point out that no citizen was allowed to ask any question that was not previously approved by the County and/or its advisors. Indeed, this Plan fails to disclose that at some meetings, no ratepayer was allowed to ask any question at all. The Plan fails to disclose what concerns were expresses by any ratepayer and the corresponding answer to said ratepayer that came from the County, if any. The Plan does not disclose whether the items set out per Mr. Rothsteins recommendation were even revealed to anyone attending any said meeting.

7.    Objection is made to the extent this proposed Plan fails to disclose the identity of the various warrant holders and how much each warrant holder is to receive from the contemplated Plan. As the Court may be aware, some of the defendant banks and financial institutions hold the warrants (to what extent is unknown). Some of these same banks and financial institutions participated in the corruption referred to in the Disclosure Statement. This proposed Disclosure Statement should provide and disclose how much each said warrant holder is contemplated to receive if the Plan is confirmed. This one does not.

8.    Objection is made to the proposed Plan in that it fails to disclose the applicable law and methodology for validating any rate structure and or warrant. Rather, the proposed Plan sets forth that confirmation of the Plan is conclusive that such rate structure and any warrant complies with the manner provided by law. Such broad-sweeping generalizations are not only inaccurate, but are grossly prejudicial to the ratepayers of the sewer system when both Constitutional and legal requirements are ignored (as they are in the contemplated Plan).

9.    Objection is made to the extent neither the Disclosure Statement nor the proposed Plan disclose the Sewer Warrant Trustees residual fee. There is no mention of the amount contemplated for this fee or even an estimate of said fee amount.

9

10. Objection is made to the extent this Plan does not identify the professionals who claim to have assisted the County with preparing the anticipated impact of this Plan as set forth in Section X B. It is unknown with current disclosures if the County obtained the assistance of outside consultants or whether the anticipated impact was derived via the work of the banks who stand to receive the substantial portion of Plan payments. If some independent authority was utilized in determining future operation expenses, such individual or entity should be made known so that their credentials properly can be analyzed. Additionally, said entity and/or individual's work product should also be disclosed in this Disclosure Statement.

11. Objection is made to the extent that there is no disclosure of the conditions that Jefferson County must meet before it can issue additional parity obligations, in the event sewer revenues are not able to pay the obligations of the New Sewer Indenture as set forth in Section X (3)(e).

12. Objection is made in that the Plan does not appear feasible. 11 U.S.C. § 943(b)(7). The Financing Plan does not contain language or terms to adequately disclose in sufficient detail the methodology by which rates are being derived, any realistic or tangible method by which a reader can verify the feasibility of the accepted rates and/or whether the Financing Plan actually will enable payment of the debts to the various creditors (some of whom are co-conspirators). There is no conceivable way identified in the Disclosure Statement or any existing Financing Plan for any Rate Payer to determine the likelihood or amount of any future rate increase, and if and when such rate increase could/would occur.

By way of example, Page 31 identifies the purported "Current Status of the System." It states that the Sewer System

10

"is generally in good operational condition and fair to good physical condition. The Sewer System still experiences overflows . . . . The collection system, however, remains in need of continued rehabilitation and replacement. Moreover, portions of the major plant improvements made in the 1990s and early 2000s are beginning to near the end of their useful lives. Complying with new regulations, such as the new phosphorus discharge limits, will require large capital investments."

And yet, while Exhibit 9 identifies certain capital expenses which quite obviously are going to be required and will be "large" even for maintenance of the existing System, there is no spreadsheet or other identifiable information supplied to identify what the projected capital expense costs actually will be and, to the extent it is provided, what are the criteria by which some independent review could analyze the projections. Instead, one purported basis for an ability to pay the projected warrants and the like are estimates of anticipated growth. No information as to the actual projected operating costs for such growth, capital expenses and maintenance occasioned by such growth and the necessary basis by which such projections can be analyzed have been provided in the Disclosure Statement. Absent such information, it appears the Plan is not feasible but is, instead, a mere hope of the County.

Moreover, Exhibit 9 references a $167 million capital expense in calendar year 2019. There is no description for the basis of how that figure was derived, what engineering is required for such a large capital expenditure, and does it take into account the projected costs for 2019 as distinguished from today. Other capital expenditures shown in Exhibit 9 appear to go up and down, but there is no criteria identified that forms the basis for such assumptions. Stated simply, there is no way to test the Plan and insufficient detail to determine if, in fact, it is feasible.

Potentially even more problematical is the Economic Development Agreements identified in Section 8 on page 59. To the extent tax abatements or other incentives are provided to new

11

business, the net effect of such items results in existing Rate Payers paying for infrastructure provided to such new businesses without reimbursement. In other words, existing Rate Payers would be paying for such incentives without incumbent reimbursement for costs, thereby increasing the overall operating and capital costs without additional revenue.

13.     Objection is made to this Plan to the extent it omits any mention or reference to any independent authority who has evaluated this Plan and who has offered any opinion whatsoever as to whether any predicted operating expenses will sustain the system in the future.

14.     Rate Payers further adopt all grounds of Objection submitted by any other party in interest.

## CONCLUSION

Based on the foregoing, Rate Payers contend the Disclosure Statement is deficient and is due to be denied as proposed. Rate Payers reserve all objections to confirmation of a Plan. In the event the existing proposed Plan is still before the Court, it, too, fails in each of the identified areas and confirmation should be denied.

/s/ Steven W. Couch
Steven W. Couch (ASB-6171-H33S)
Attorney for Charles Wilson, et al.

Steven W. Couch
Couch Law Firm, P.C.
2223 4th Avenue North
P.O. Box 2466
Birmingham, Alabama 35201
Telephone: (205) 994-6234
Facsimile: (205) 994-6244
E-mail: steve@couchlawfirm-al.com

12

/s/ Joshua L. Firth
Joshua L. Firth (ASB-2783-S68F)
Attorneys for Charles Wilson, et al.

HOLLIS, WRIGHT, CLAY & VAIL, P.C.
505 20th Street North, Suite 1500
Birmingham, Alabama 35203
Telephone:  (205) 324-3600
Facsimile:   (205) 324-3636
E-mail: joshf@hollis-wright.com

/s/Lee R. Benton
Lee R. Benton (ASB-8421-E63L)
Attorneys for Charles Wilson, et al.

BENTON & CENTENO, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
Telephone: (205) 278-8000
Facsimile: (205) 278-8005
E-mail: lbenton@bcattys.com

13

## CERTIFICATE OF SERVICE

I hereby certify that on the ___1st___ day of ___August___, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system and served same in accordance with the attached Master Service List.

/s/Lee R. Benton
Lee R. Benton

14

# MASTER SERVICE LIST

## VIA CM/ECF:

| | |
|---|---|
| Jefferson County, Alabama<br>c/o Patrick Darby<br>c/o Jay Bender<br>Bradley Arant Boult Cummings LLP<br>1819 Fifth Avenue North<br>Birmingham, AL 35203<br>pdarby@babc.com<br>jbender@babc.com | Jefferson County Special Counsel<br>J.F. "Foster" Clark, Esq.<br>Balch & Bingham, LLP<br>1901 6th Avenue North<br>2600 AmSouth Harbert Plaza<br>Birmingham, AL 35203-4644<br>fclark@balch.com |
| Jefferson County, Alabama<br>c/o Kenneth Klee<br>c/o Lee Bogdanoff<br>c/o Robert J. Pfister<br>c/o Whitman L. Holt<br>c/o Samuel M. Kidder<br>Klee, Tuchin, Bogdanoff & Stern, LLP<br>1999 Avenue of the Stars, Thirty-Ninth Floor<br>Los Angeles, CA 90067-5061<br>kklee@ktbslaw.com<br>lbogdanoff@ktbslaw.com<br>rpfister@ktbslaw.com<br>skidder@ktbslaw.com | Jefferson County Special Counsel<br>J. Hobson Presley, Jr.<br>Balch & Bingham LLP<br>1901 Sixth Avenue North<br>Suite 1500<br>Birmingham, Alabama 35203-4642<br>hpresley@balch.com |
| The Bank of New York Mellon, as Indenture Trustee<br>c/o Gerald F. Mace<br>c/o Michael R. Paslay<br>c/o David E. Lemke, Esq.<br>c/o Ryan K. Cochran, Esq.<br>c/o Paul S. Davidson<br>Waller Lansden Dortch & Davis, LLP<br>511 Union Street, Suite 2700<br>Nashville, TN 37219<br>Gerald.Mace@wallerlaw.com<br>Mike.Paslay@wallerlaw.com<br>David.Lemke@wallerlaw.com<br>Ryan.Cochran@wallerlaw.com<br>Paul.Davidson@wallerlaw.com | Bankruptcy Administrator for the Northern District of Alabama (Birmingham)<br>Office of the Bankruptcy Administrator<br>c/o J. Thomas Corbett, Esq.<br>United States Bankruptcy Court<br>Robert S. Vance Federal Building<br>1800 5th Ave. North<br>Birmingham AL 35203<br>Thomas_Corbett@alnba.uscourts |

| | |
|---|---|
| The Bank of New York Mellon, as Indenture Trustee<br>c/o Bridget M. Schessler<br>The Bank of New York Mellon Trust Company, N.A.<br>525 William Penn Place, 7th Floor<br>Pittsburgh, PA 15259<br>bridget.schessler@bnymellon.com | The Bank of New York Mellon, as Indenture Trustee<br>c/o Larry Childs, Esq.<br>c/o Brian J. Malcom, Esq.<br>c/o Heath A. Fite, Esq.<br>Waller Lansden Dortch & Davis, LLP<br>Regions Harbert Plaza<br>1901 Sixth Avenue North, Suite 1400<br>Birmingham, AL 35203<br>Larry.Childs@wallerlaw.com<br>Brian.Malcom@wallerlaw.com<br>Heath.Fite@wallerlaw.com |
| The Bank of New York Mellon<br>c/o Debra L. Felder<br>Orrick, Herrington, & Sutcliffe LLP<br>Columbia Center<br>1152 15th Street, N.W.<br>Washington, D.C. 20005-1706<br>dfelder@orrick.com | JPMorgan Chase Bank, as Liquidity Agent<br>c/o Steve Fuhrman<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, New York 10017<br>sfuhrman@stblaw.com |
| U.S. Bank, National Association, as Paying Agent<br>2204 Lakeshore Drive Suite 302<br>Mail Code: EX-AL-WWPH<br>Homewood, AL 35209<br>felicia.cannon@usbank.com | The Bank of New York Mellon<br>c/o Thomas C. Mitchell<br>Orrick, Herrington & Sutcliffe LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105-2669<br>tcmitchell@orrick.com |
| Bank of America, N.A.<br>c/o David L. Eades<br>c/o Daniel G. Clodfelter<br>c/o David S. Walls<br>Moore & Van Allen, PLLC<br>100 North Tryon Street, Suite 4700<br>Charlotte, NC 28202-4003<br>davideades@mvalaw.com<br>danclodfelter@mvalaw.com<br>davidwalls@mvalaw.com | The Bank of New York Mellon<br>Sirote & Permut, P.C.<br>c/o Stephen B. Porterfield<br>c/o Donald Wright<br>2311 Highland Avenue South<br>Birmingham, AL 35205<br>sporterfield@sirote.com<br>dwright@sirote.com |

| | |
|---|---|
| Blue Ridge Investments, LLC<br>Affiliate of Bank of America, N.A.<br>c/o David L Eades<br>c/o Daniel G. Clodfelter<br>c/o David S. Walls<br>Moore & Van Allen, PLLC<br>100 North Tryon Street, Suite 4700<br>Charlotte, NC 28202-4003<br>davideades@mvalaw.com<br>danclodfelter@mvalaw.com<br>davidwalls@mvalaw.com | Blue Ridge Investments, LLC<br>Affiliate of Bank of America, N.A.<br>c/o Cathleen Curran Moore<br>Burr & Forman LLP<br>420 North 20th Street, Suite 3400<br>Birmingham, AL 35203<br>cmoore@burr.com |
| Bank of America, N.A.<br>c/o Joe A. Joseph<br>c/o Clifton C. Mosteller<br>c/o Cathleen Curran Moore<br>Burr & Forman LLP<br>420 North 20th Street, Suite 3400<br>Birmingham, AL 35203<br>jjoseph@burr.com<br>cmostell@burr.com<br>cmoore@burr.com | JPMorgan Chase Bank<br>c/o Steve M. Fuhrman, Esq.<br>c/o Ian Dattner<br>c/o Mary Beth Forshaw<br>c/o Elisha David Graff<br>c/o Thomas C. Rice<br>c/o William T. Russell, Jr.<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>sfuhrman@stblaw.com<br>idattner@stblaw.com<br>mforshaw@stblaw.com<br>egraff@stblaw.com<br>trice@stblaw.com<br>wrussell@stblaw.com |
| State Street Bank and Trust Company<br>c/o William W. Kannel<br>c/o Adrienne K. Walker<br>Mintz, Levin, Cohn, Ferris, Glovsky and<br>Popeo, P.C.<br>One Financial Center<br>Boston, MA 02111<br>wkannel@mintz.com<br>awalker@mintz.com | Regions Bank<br>c/o Jayna Partain Lamar<br>c/o J. Leland Murphree<br>Maynard Cooper & Gale, P.C.<br>AmSouth/Harbert Plaza, Suite 2400<br>1901 6th Avenue North<br>Birmingham, AL 35203-2618<br>jlamar@maynardcooper.com<br>lmurphree@maynardcooper.com |

| | |
|---|---|
| State Street Bank and Trust Company<br>Sirote & Permut, P.C.<br>c/o Stephen B. Porterfield<br>c/o Donald Wright<br>2311 Highland Avenue South<br>Birmingham, AL 35205<br>sporterfield@sirote.com<br>dwright@sirote.com | Regions Bank, as Trustee<br>c/o Brian P. Hall<br>Smith, Gambrell & Russell, LLP<br>Promenade II, Suite 3100<br>1230 Peachtree Street, N.E.<br>Atlanta, Georgia 30309-3592<br>bhall@sgrlaw.com |
| Societe Generale<br>c/o Mark J. Fiekers<br>c/o Joyce T. Gorman<br>Ashurst LLP<br>1875 K Street N.W., Suite 750<br>Washington, DC 20006<br>mark.fiekers@ashurst.com<br>joyce.gorman@ashurst.com | Financial Guaranty Insurance Company<br>c/o William H. Patrick, III<br>c/o Tristan E. Manthey<br>c/o Cherie Dessauer Nobles<br>Heller, Draper, Patrick & Horn, L.L.C.<br>650 Poydras Street, Suite 2500<br>New Orleans, Louisiana 70130-6103<br>wpatrick@hellerdraper.com<br>tmanthey@hellerdraper.com<br>cnobles@hellerdraper.com |
| Financial Guaranty Insurance Company<br>c/o Robert K. Spotswood<br>c/o Michael T. Sansbury<br>c/o Emily J. Tidmore<br>c/o Grace L. Kipp<br>Spotswood Sansom & Sansbury LLC<br>One Federal Place<br>1819 Fifth Avenue North<br>Suite 1050<br>Birmingham, Alabama 35203<br>rks@spotswoodllc.com<br>msansbury@spotswoodllc.com<br>etidmore@spotswoodllc.com<br>gkipp@spotswoodllc.com | Financial Guaranty Insurance Company<br>c/o H. Slayton Dabney, Jr.<br>Dabney, PLLC<br>303 Grande Court<br>Richmond, Virginia 23229<br>sdabney@dabneypllc.com |

| | |
|---|---|
| Assured Guaranty Municipal Corp.<br>c/o Winston & Strawn LLP<br>Lawrence A. Larose, Esq.<br>Samuel S. Kohn, Esq.<br>Sarah L. Trum, Esq.<br>George Mastoris<br>Carrie V. Hardman<br>200 Park Avenue<br>New York, New York 10166-4193<br>llarose@winston.com<br>skohn@winston.com<br>strum@winston.com<br>gmastoris@winston.com<br>chardman@winston.com | Receiver for County's Sewer System<br>John S. Young, Jr. LLC, as Receiver<br>c/o Baker, Donelson, Bearman, Caldwell &<br>Berkowitz, P.C.<br>Timothy M. Lupinacci, Esq.<br>W. Patton Hahn, Esq.<br>Daniel J. Ferretti, Esq.<br>Bill D. Bensinger, Esq.<br>1600 Wells Fargo Tower<br>Birmingham, AL 35203<br>tlupinacci@bakerdonelson.com<br>phahn@bakerdonelson.com<br>dferretti@bakerdonelson.com<br>bbensinger@bakerdonelson.com |
| Assured Guaranty Municipal Corp.<br>c/o Mark P. Williams<br>Norman, Wood, Kendrick & Turner<br>Financial Center – Suite 1600<br>505 20th Street North<br>Birmingham, AL 35203<br>mpwilliams@nwkt.com | Receiver for County's Sewer System<br>John S. Young, Jr. LLC, as Receiver<br>c/o Baker, Donelson, Bearman, Caldwell &<br>Berkowitz, P.C.<br>Joe A. Conner<br>1800 Republic Centre<br>633 Chestnut Street<br>Chattanooga, TN 37450<br>jconner@bakerdonelson.com |
| Syncora Guarantee, Inc.<br>c/o Quinn Emanuel Urquhart & Sullivan, LLP<br>c/o Jonathan E. Pickhardt<br>c/o Jake M. Shields<br>c/o Susheel Kirpalani<br>c/o Daniel Holzman<br>c/o Eric Kay<br>c/o Robert S. Loigman<br>c/o Xochitl Strohbehn<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>jonpickhardt@quinnemanuel.com<br>jakeshields@quinnemanuel.com<br>susheelkirpalani@quinnemanuel.com<br>danielholzman@quinnemanuel.com<br>erickay@quinnemanuel.com<br>robertloigman@quinnemanuel.com<br>xochitlstrohbehn@quinnemanuel.com | Jefferson County Personnel Board<br>c/o Lee R. Benton<br>c/o Jamie A. Wilson<br>Benton & Centeno, LLP<br>2019 3rd Avenue North<br>Birmingham, AL 35203<br>lbenton@bcattys.com<br>jwilson@bcattys.com |

| | |
|---|---|
| Bayern LB<br>c/o Edward A. Smith<br>Venable<br>Rockefeller Center<br>1270 Avenue of the Americas<br>Twenty-fifth Floor<br>New York, NY 10020<br>EASmith@Venable.com | Bayern LB<br>c/o Joseph Campagna<br>Vice President<br>560 Lexington Avenue<br>New York, New York 10022<br>jcampagna@bayernlbny.com |
| Societe Generale<br>c/o Christopher Blackwell<br>c/o Dan Schulman<br>Ashurst LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>Christopher.Blackwell@ashurst.com<br>Dan.Schulman@ashurst.com | Ambac Assurance Corporation<br>c/o Charles L. Denaburg<br>Najjar Denaburg, P.C.<br>2125 Morris Avenue<br>Birmingham, AL 35203<br>cdenaburg@najjar.com |
| Jeffrey Weissman, D.D.S.<br>Jeffrey Weissman, D.D.S., P.C.<br>Keith Shannon<br>Individually and as Class Representatives<br>c/o Wilson F. Green<br>Fleenor & Green, LLP<br>204 Marina Drive, Ste. 200<br>Tuscaloosa, AL 35406<br>wgreen@fleenorgreen.com | Ambac Assurance Corporation<br>c/o Miles W. Hughes<br>c/o William P. Smith<br>c/o Robert A. Dall'Asta<br>c/o Greg Kopacz<br>McDermott Will & Emery LLP<br>227 West Monroe Street<br>Chicago, Illinois 60606<br>mwhughes@mwe.com<br>wsmith@mwe.com<br>rdallasta@mwe.com<br>gkopacz@mwe.com |
| Jeffrey Weissman, D.D.S.<br>Jeffrey Weissman, D.D.S., P.C.<br>Keith Shannon<br>Individually and as Class Representatives<br>c/o Brian R. Walding<br>WALDING, LLC<br>505 20th Street North, Suite 620<br>Birmingham, AL 35203<br>bwalding@waldinglaw.com | Ambac Assurance Corporation<br>c/o Gregory Andrew Kopacz<br>McDermott Will & Emery LLP<br>340 Madison Avenue<br>New York, New York 10173-1922<br>gkopacz@mwe.com |

| | |
|---|---|
| City of Birmingham<br>c/o Michael M. Fliegel<br>Assistant City Attorney<br>Legal Dept.<br>710 20th Street North<br>Birmingham, AL 35203<br>Mike.Fliegel@ci.birmingham.al.us | J.P. Morgan Securities, Inc.<br>JPMorgan Chase Bank, N.A.<br>c/o Clark R. Hammond<br>Johnston Barton Proctor & Rose, LLP<br>569 Brookwood Village, Suite 901<br>Birmingham, AL 35209<br>crh@johnstonbarton.com |
| Societe Generale<br>c/o Donald M. Wright<br>c/o Stephen B. Porterfield<br>Sirote & Permutt, P.C.<br>2311 Highland Avenue South<br>Birmingham, AL 35205<br>dwright@sirote.com<br>sporterfield@sirote.com | JPMorgan Chase Bank, N.A.<br>c/o Lindan J. Hill<br>Johnston Barton Proctor & Rose, LLP<br>569 Brookwood Village, Suite 901<br>Birmingham, AL 35209<br>lhill@johnstonbarton.com |
| National Public Finance Guarantee Corp.<br>c/o Benjamin S. Goldman<br>Hand Arendall LLC<br>1200 Park Place Tower<br>2001 Park Place North<br>Birmingham, AL 35203<br>bgoldman@handarendall.com | Anne Elizabeth McGowin, Esq.<br>Legal Advisor<br>Office of the Governor<br>State of Alabama<br>State Capitol, Room NB-05<br>600 Dexter Avenue<br>Montgomery, AL 36130<br>anneelizabeth.mcgowin@finance |
| National Public Finance Guarantee Corp.<br>c/o Mark A. Cody<br>Jones Day<br>77 West Wacker<br>Chicago, IL 60601-1676<br>macody@jonesday.com | City of Center Point, Alabama<br>c/o Robert C. Keller<br>Russo, White & Keller, P.C.<br>315 Gadsden Highway, Suite D<br>Birmingham, AL 35235<br>rjlawoff@bellsouth.net |

| | |
|---|---|
| Syncora Guarantee, Inc.<br>c/o Matthew Scheck<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>matthewscheck@quinnemanuel.com | Syncora Guarantee, Inc.<br>c/o Richard P. Carmody<br>c/o Henry E. Simpson<br>c/o Lawrence J. McDuff<br>c/o Russell J. Rutherford<br>c/o David K. Bowsher<br>Adams and Reese LLP<br>Regions Harbert Plaza<br>1901 6th Avenue North, Suite 3000<br>Birmingham, AL 35203<br>Richard.Carmody@arlaw.com<br>Henry.Simpson@arlaw.com<br>Laurence.McDuff@arlaw.com<br>Russell.Rutherford@arlaw.com<br>David.Bowsher@arlaw.com |
| U.S. Securities and Exchange Commission<br>Office of Reorganization<br>Atlanta Regional Office<br>950 East Paces Ferry Road, N.E., Suite 900<br>Atlanta, Georgia 30326-1382<br>Telephone: 404-842-7600<br>Facsimile: 404-842-7633<br>E-mail: atlreorg@sec.gov | National Public Finance Guarantee Corp.<br>c/o Amy Edgy Ferber<br>Jones Day<br>1420 Peachtree Street, N.E.<br>Suite 800<br>Atlanta, GA 30309-3053<br>aeferber@jonesday.com |
| Lloyds TSB Bank PLC<br>c/o Laura E. Appleby<br>Chapman and Cutler LLP<br>330 Madison Ave.<br>34th Floor<br>New York, NY 10017<br>appleby@chapman.com | National Public Finance Guarantee Corp.<br>c/o Corinne Ball<br>Jones Day<br>222 East 41st Street<br>New York, NY 10017-6702<br>cball@jonesday.com |
| Lloyds TSB Bank PLC<br>c/o Ann E. Acker<br>c/o James E. Spiotto<br>Chapman and Cutler, LLP<br>111 W. Monroe St.<br>Chicago, IL 60603<br>acker@chapman.com<br>spiotto@chapman.com | The Securities and Exchange Commission<br>SEC Headquarters<br>100 F Street, NE<br>Washington, DC 20549-9040<br>Attention: Morgan Bradylyons, Senior Counsel<br>bradylyonsm@sec.gov |

| | |
|---|---|
| Lloyds TSB Bank PLC<br>c/o Donald M. Wright<br>c/o Stephen B. Porterfield<br>Sirote & Permutt, P.C.<br>2311 Highland Avenue S.<br>Birmingham, AL 35205<br>dwright@sirote.com<br>sporterfield@sirote.com | The Bank of Nova Scotia<br>c/o Laura E. Appleby<br>Chapman and Cutler LLP<br>330 Madison Ave.<br>34th Floor<br>New York, NY 10017<br>appleby@chapman.com |
| Appellant William Casey<br>Appeal No. 1101361 in Supreme Court of<br>Alabama<br>c/o Matthew Weathers<br>Weathers Law Firm, LLC<br>P.O. Box 1826<br>Birmingham, AL 35201<br>mweathersmatt@gmail.com | The Bank of Nova Scotia<br>c/o Ann E. Acker<br>c/o James E. Spiotto<br>Chapman and Cutler, LLP<br>111 W. Monroe St.<br>Chicago, IL 60603<br>acker@chapman.com<br>spiotto@chapman.com |
| Appellant William Casey<br>Appeal No. 1101361 in Supreme Court of<br>Alabama<br>c/o Edward Jason Dennis<br>c/o Samuel B. Hardy, IV<br>Lynn Tillotson Pinker & Cox, LLP<br>2100 Ross Avenue, Suite 2700<br>Dallas, Texas 75201<br>jdennis@lynnllp.com<br>shardy@lynnllp.com | The Bank of Nova Scotia<br>c/o Donald M. Wright<br>c/o Stephen B. Porterfield<br>Sirote & Permutt, P.C.<br>2311 Highland Avenue S.<br>Birmingham, AL 35205<br>dwright@sirote.com<br>sporterfield@sirote.com |
| U.S. Bank National Association, in its capacity<br>as Indenture Trustee<br>c/o Charles R. Johanson III<br>Engel, Hairston, & Johanson, P.C.<br>4th Floor, 109 20th Street (35203)<br>P.O. Box 11405<br>Birmingham, AL 35202<br>rjohanson@ehjlaw.com | Appellant Carmella Macon<br>Appeal No. 1101270 in the Supreme Court of<br>Alabama<br>c/o Matthew Weathers<br>Weathers Law Firm, LLC<br>P.O. Box 1826<br>Birmingham, AL 35201<br>mweathersmatt@gmail.com |

| | |
|---|---|
| David Perry, Esq.<br>Finance Director<br>Office of the Governor<br>State of Alabama<br>Office of the Governor<br>State Capitol, Room N-104<br>600 Dexter Avenue<br>Montgomery, AL 36130<br>david.perry@governor.alabama.gov | Appellant Carmella Macon<br>Appeal No. 1101270 in the Supreme Court of<br>Alabama<br>c/o Edward Jason Dennis<br>c/o Samuel B. Hardy, IV<br>Lynn Tillotson Pinker & Cox, LLP<br>2100 Ross Avenue, Suite 2700<br>Dallas, Texas 75201<br>jdennis@lynnllp.com<br>shardy@lynnllp.com |
| State of Alabama<br>Department of Finance<br>c/o Rachel L. Webber<br>c/o Jerry C. Olshue, Jr.<br>c/o Kristopher D. Sodergren<br>c/o Robin E. Pate<br>Rosen Harwood, P.A.<br>2200 Jack Warner Parkway, Suite 200<br>P.O. Box 2727<br>Tuscaloosa, AL 35403-2727<br>rwebber@rosenharwood.com<br>boldshue@rosenharwood.com<br>rpate@rosenharwood.com | U.S. Bank National Association, in its capacity<br>as Indenture Trustee<br>c/o Clark T. Whitmore<br>c/o Kesha L. Tanabe<br>Maslon Edleman Borman & Brand, LLP<br>3300 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402-4140<br>clark.whitmore@maslon.com<br>kesha.tanabe@maslon.com |
| Wendell Major<br>Public Employee of Jefferson County Alabama<br>3775 Gillespie Road<br>Dolomite, AL 35061<br>majorpd@charter.net<br>wwm5007@gmail.com | Beckman Coulter, Inc.<br>c/o Kirk B. Burkley<br>Bernstein Law Firm, P.C.<br>Suite 2200 Gulf Tower<br>Pittsburgh, PA 15219-1900<br>kburkley@bernsteinlaw.com |
| Beers Properties, LLC<br>Creditor<br>c/o W.L. Longshore, III<br>Longshore, Buck & Longshore, P.C.<br>2009 Second Avenue North<br>Birmingham, AL 35203<br>Billy3@longshorebuck.com | The Depository Trust & Clearing Corporation<br>A Party in Interest<br>c/o Adam T. Berkowitz<br>c/o Jeffrey Chubak<br>Proskauer Rose LLP<br>Eleven Time Square<br>New York, NY 10036-8299<br>aberkowitz@proskauer.com<br>jchubak@proskauer.com |

| | |
|---|---|
| Mike Hale, in his official capacity as Sheriff of Jefferson County, Alabama<br>c/o Robert R. Riley<br>c/o Keith Jackson<br>c/o Jay Murrill<br>Riley & Jackson, P.C.<br>1744 Oxmoor Road<br>Birmingham, AL 35209<br>jay@rileyjacksonlaw.com | City of Birmingham, Alabama<br>c/o U.W. Clemon<br>White Arnold & Dowd P.C.<br>2025 Third Avenue North, Suite 500<br>Birmingham, AL 35203<br>uwclemon@waadlaw.com |
| Gene J. Gonsoulin<br>A Party in Interest<br>c/o A. Wilson Webb<br>Webb Law Firm<br>4416 Linpark Drive<br>Birmingham, AL 35222<br>awilsonwebb@gmail.com | Jefferson County Board of Education<br>c/o Whit Colvin<br>Bishop, Colvin, Johnson & Kent, LLC<br>1910 First Avenue North<br>Birmingham, AL 35203<br>wcolvin@bishopcolvin.com |
| David Swanson<br>Interested Party<br>c/o Henry J. Walker<br>Walker Law Firm<br>2330 Highland Ave.<br>Birmingham, AL 35205<br>henryjwalker@bellsouth.net | All Temps Systems, Inc.<br>c/o Andre' M. Toffel<br>Andre' M. Toffel, P.C.<br>Suite 300<br>600 North, 20th Street<br>Birmingham, AL 35203<br>atoffel@toffelp.com |
| Bill George<br>c/o Jon C. Goldfarb<br>c/o Daniel Arciniegas<br>c/o L. William Smith<br>Wiggins, Childs, Quinn & Pantazis, LLC<br>The Kress Building, 301 19th Street North<br>Birmingham, AL 35203<br>wsmith@wcqp.com | Elevator Maintenance and Repair, Inc.<br>Creditor<br>c/o Charles N. Parnell, III<br>Parnell & Crum, P.A.<br>P.O. Box 2189<br>Montgomery, AL 36102-2180<br>bkrp@parnellcrum.com |

| | |
|---|---|
| U.S. Pipe and Foundry Company, LLC<br>c/o Jeffrey B. McClellan, Esq.<br>1200 Abernathy Road, NE<br>Suite 1200<br>Atlanta, GA 30328<br>jmcclellan@muellerwp.com | Wells Fargo Bank, National Association as<br>Indenture Trustee<br>c/o Eric A. Schaffer<br>c/o Luke A. Sizemore<br>c/o Mike C. Buckley<br>Reed Smith LLP<br>225 Fifth Ave., Suite 1200<br>Pittsburgh, PA 15230-2009<br>eschaffer@reedsmith.com<br>lsizemore@reedsmith.com<br>mbuckley@reedsmith.com |
| City of Midfield, Alabama<br>c/o David A. Sullivan<br>1728 3rd Avenue North<br>Suite 400D<br>Birmingham, AL 35203<br>dasnicole@bellsouth.net | Fraternal Order of Police Lodge 64<br>Robert Thompson, Aubrey Finley and William<br>D. McAnally et al. on behalf of the Employees<br>of the Jefferson County Sheriff's Office<br>c/o Raymond P. Fitzpatrick<br>1929 Third Avenue North<br>Birmingham, Alabama 35203<br>rpfitzpatrick@fcclawgroup.com |
| BBA Development, LLC<br>c/o Amanda M. Beckett<br>Burr & Forman LLP<br>420 North 20th Street, Suite 3400<br>Birmingham, AL 35203<br>abeckett@burr.com | Medical Data Systems Inc.<br>c/o Bryan G. Hale<br>Starnes Davis Florie LLP<br>100 Brookwood Place, 7th Floor<br>Birmingham, AL 35209<br>bgh@starneslaw.com |
| Lara Swindle<br>c/o Ann C. Robertson<br>c/o H. Wallace Blizzard<br>Wiggins, Childs, Quinn & Pantazis, LLC<br>The Kress Building<br>301 Nineteenth Street North<br>Birmingham, AL 35203<br>arobertson@wcqp.com<br>hwb@wcqp.com | Charlotte Breece<br>Lillie Starks<br>On behalf of all similarly situated persons in<br>Breece, et al v. Jefferson County Tax Collector<br>c/o Lee Wendell Loder<br>Loder, P.C.<br>P.O. Box 13545<br>Birmingham, AL 35202<br>loderlawfirm@aol.com |
| John Madison, IV, inmates and others<br>similarly situated at the Jefferson County Jail<br>c/o H. Doug Redd<br>5343 Old Springville Road<br>Pinson, AL 35126<br>hdougredd@gmail.com | B.A.S. L.L.P.<br>c/o Salem Resha, Jr.<br>The Resha Firm<br>1516 20th Street South, Suite A<br>Birmingham, AL 35205<br>sresha@reshafirm.com |

| | |
|---|---|
| CSX Transportation, Inc.<br>A party-in-interest<br>c/o James H. White, IV<br>Baker Donelson Bearman Caldwell &<br>Berkowitz, P.C.<br>420 20th Street North<br>1600 Wells Fargo Tower<br>Birmingham, AL 35203<br>jwhite@bakerdonelson.com | Unisys Corporation<br>Party in Interest<br>c/o Dana S. Plon, Esq.<br>Sirlin Gallogly & Lesser, P.C.<br>123 South Broad Street, Suite 2100<br>Philadelphia, PA 19109<br>dplon@sirlinlaw.com |
| James Pruitt<br>Interested Party<br>c/o Cynthia Forman Wilkinson, Esq.<br>c/o Larry R. Mann, Esq.<br>Wilkinson Law Firm, PC<br>215 N. Richard Arrington, Jr. Blvd., Ste. 811<br>Birmingham, AL 35203<br>wilkinsonefile@bellsouth.net | John Mason, IV<br>c/o Dan C. King, III<br>Stewart & Stewart, P.C.<br>1826 3rd Avenue North Suite 300<br>Bessemer, AL 35020<br>dking@stewartandstewart.net |
| James R. Crane<br>c/o Steven D. Altmann<br>c/o Charles L. Denaburg<br>c/o Marvin E. Franklin<br>Najjar Denaburg, P.C.<br>2125 Morris Avenue<br>Birmingham, AL 35203<br>saltmann@najjar.com<br>cdenaburg@najjar.com<br>mfranklin@najjar.com | Owens & Minor, Inc.<br>c/o Robert S. Westermann, Esq.<br>c/o Sheila deLa Cruz, Esq.<br>Hirschler Fleischer, P.C.<br>P.O. Box 500<br>Richmond, Virginia 23218-0500<br>rwestermann@hf-law.com<br>sdelacruz@hf-law.com |
| James R. Crane<br>c/o Sydney Gibbs Ballesteros<br>Gibbs & Bruns, LLP<br>1100 Louisiana, Suite 5300<br>Houston, Texas 77002<br>sballesteros@gibbsbruns.com | Collette Funderburg<br>Creditor and Interested Party<br>c/o Michael J. Antonio, Jr.<br>Greystone Legal Clinic<br>2516 11th Avenue North<br>Birmingham, AL 35234<br>MANT003@aol.com |

| | |
|---|---|
| W.C. Rice Oil Company, Inc.<br>c/o James H. White, IV<br>Baker Donelson Bearman Caldwell<br>& Berkowitz, P.C.<br>420 20th Street North<br>1600 Wells Fargo Tower<br>Birmingham, Alabama 35203<br>jwhite@bakerdonelson.com | Universal Hospital Services, Inc.<br>c/o James E. Bailey, III<br>Butler, Snow, O'Mara, Stevens & Cannada,<br>PLLC<br>6075 Poplar Avenue, Suite 500<br>Memphis, TN 38119<br>jeb.bailey@butlersnow.com |
| Delores W. Frost<br>c/o W.L. Longshore, III<br>Longshore, Buck & Longshore, P.C.<br>2009 Second Avenue North<br>Birmingham, Alabama 3203<br>Billy3@longshorebuck.com | Lehman Brothers Special Financing, Inc.<br>c/o James C. Huckaby<br>c/o Daniel D. Sparks<br>c/o Bradley R. Hightower<br>Christian & Small<br>505 20th Street North, Suite 1800<br>Birmingham, Alabama 35203<br>jch@csattorneys.com<br>dds@csattorneys.com<br>brh@csattorneys.com |
| AMCAD<br>15867 North Mountain Road<br>Broadway, VA 22815<br>cdelawder@amcad.com | BNSF Railway Company<br>c/o James H. White, IV<br>Baker Donelson Bearman Caldwell<br>& Berkowitz, P.C.<br>420 20th Street North<br>1600 Wells Fargo Tower<br>Birmingham, Alabama 35203<br>jwhite@bakerdonelson.com |
| Wells Fargo Bank, National Association,<br>Indenture Trustee<br>c/o Russell M. Cunningham, IV<br>Cunningham Firm, LLC<br>Landmark Center, Suite 600<br>2100 First Avenue North<br>Birmingham, AL 35203<br>Russell@cunninghamfirmllc.com | Moore Oil Company<br>Creditor<br>c/o Brenton K. Morris<br>Benton & Centeno, LLP<br>2019 Third Avenue North<br>Birmingham, Alabama 35203<br>bmorris@bcattys.com |

| | |
|---|---|
| Innovation Depot, successor-in-interest to Entrepreneurial Center, Creditor c/o Russell M. Cunningham, IV Cunningham Firm, LLC Landmark Center, Suite 600 2100 First Avenue North Birmingham, AL 35203 Russell@cunninghamfirmllc.com | First Commercial Bank As Indenture Trustee c/o David B. Anderson c/o Deanna L. Weidner Anderson Weidner, LLC 505 20th Street North Financial Center, Suite 1450 Birmingham, AL 35203-4635 dbanderson@andersonweidner.com dlweidner@andersonweidner.com |
| Andrew Bennett, Roderick Royal, et al. c/o Calvin B. Grigsby 2406 Saddleback Drive Danville, CA 94506 cgrigsby@grigsbyinc.com | First Commercial Bank c/o David A. Wender Alston & Bird LLP 1201 West Peachtree Street Atlanta, Georgia 30309 david.wender@alston.com |
| The Depository Trust Company, on behalf of the holders of the Jefferson County, Alabama, General Obligation Capital Improvement Warrants, Series 2003-A and 2004-A c/o Lawrence S. Elbaum Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299 lelbaum@proskauer.com | Jefferson County, Alabama George Carpinello Boies, Schiller & Flexner LLP 10 North Pearl Street, 4th Floor Albany, New York 12207 gcarpinello@bsfllp.com |
| Bayerische Landesbank c/o Edward A. Smith Venable LLP Rockefeller Center 1270 Avenue of the Americas New York, NY 10020 easmith@Venable.com | AMSOL c/o John K. Rezac Taylor English Duma LLP 1600 Parkwood Circle, Suite 400 Atlanta, Georgia 30339 jrezac@taylorenglish.com |
| Internal Revenue Service c/o Kenya Bufford 801 Tom Martin Drive M/S 126 Birmingham, AL 35211 Kenya.Bufford@irs.gov | UAB Health System c/o Kathleen Kauffman Legal Counsel 500 22nd Street South, Suite 408 Birmingham, AL 35233 kkauffman@uasystem.ua.edu |

| | |
|---|---|
| Luther Strange, Esq.<br>Attorney General<br>State of Alabama<br>501 Washington Avenue<br>Montgomery, AL 36130<br>lstrange@ago.state.al.us<br>omartin@ago.state.al.us | Vekesha Hawes<br>Creditor<br>c/o Tyrone Townsend<br>P.O. Box 2105<br>Birmingham, AL 35201<br>ttowns1@msn.com |
| John A. Vos Esq., Interested Party<br>c/o John A. Vos, Esq.<br>1430 Lincoln Avenue<br>San Rafael, CA 94901<br>invalidemailecfonly@gmail.com | Alabama Department of Environmental<br>Management<br>c/o Tom Johnston, Esq.<br>General Counsel<br>1400 Coliseum Blvd.<br>Montgomery AL 36110<br>tlj@adem.state.al.us<br>daf@adem.state.al.us |
| Environmental Protection Agency<br>c/o Bill Weinischke<br>U.S. Department of Justice<br>Room 6028<br>Patrick Henry Bldg.<br>601 D Street, N.W.<br>Washington, D.C. 20004<br>bill.weinischke@usdoj.gov | University of Alabama Health Services<br>Foundation, P.C.<br>Sirote & Permut, P.C.<br>c/o Stephen B. Porterfield<br>2311 Highland Avenue South<br>Birmingham, AL 35205<br>sporterfield@sirote.com |
| Ad Hoc Sewer Warrantholders<br>c/o Thomas M. Mayer<br>c/o Gregory A. Horowitz<br>c/o Elan Daniels<br>c/o Amy Caton<br>c/o Jonathan M. Wagner<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, New York 10036<br>tmayer@kramerlevin.com<br>ghorowitz@kramerlevin.com<br>edaniels@kramerlevin.com<br>acaton@kramerlevin.com<br>jwagner@kramerlevin.com | Environmental Protection Agency<br>c/o William Bush<br>c/o Brad Ammons<br>Atlanta Federal Center<br>61 Forsyth Street, SW<br>Atlanta, GA 30303-3104<br>Bush.william@epamail.epa.gov<br>Ammons.brad@epamail.epa.gov |

| | |
|---|---|
| National Public Finance Guarantee Corp.<br>c/o Jennifer S. Morgan<br>Hand Arendall LLC<br>30200 RSA Tower<br>Post Office Box 123<br>Mobile, AL 36601<br>jmorgan@handarendall.com | Ad Hoc Sewer Warrantholders<br>c/o Justin G. Williams, Esq.<br>Tanner Guin & Crowell, LLC<br>2711 University Boulevard<br>Tuscaloosa, AL 35401-1465<br>jwilliams@tannerguincrowell.com |
| City of Hoover<br>c/o Leslie M. Klasing<br>c/o April B. Danielson<br>Waldrep, Stewart & Kendrick, LLC<br>2323 Second Avenue North<br>Birmingham, AL 35203<br>Klasing@wskllc.com<br>adanielson@wskllc.com | Depfa Bank PLC<br>c/o Israel David<br>c/o Gary L. Kaplan<br>Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY 10004<br>israel.david@friedfrank.com<br>gary.kaplan@friedfrank.com |

**VIA FEDEX:**

| | |
|---|---|
| Shoe Station, Inc.<br>Attn: Michael T. Cronin, Esq.<br>Johnson Pope Bokor Ruppel & Burns, LLP<br>911 Chestnut Street<br>Clearwater, FL 33576 | Teklinks Inc.<br>201 Summit Parkway<br>Homewood, AL 35209 |
| Morris & Dickson Co LLC<br>410 Kay Lane<br>Shreveport, LA 71115 | Augmentation, Inc.<br>3415 Independence Drive, Suite 101<br>Birmingham, AL 35209-8315 |
| AMT Medical Staffing, Inc.<br>2 20th Street North<br>Suite 1360<br>Birmingham, AL 35203 | Brice Building Co., LLC<br>201 Sunbelt Parkway<br>Birmingham, AL 35211 |
| John Plott Company Inc.<br>2804 Rice Mine Road NE<br>Tuscaloosa, AL 35406 | Laboratory Corporation of America<br>430 South Spring Street<br>Burlington, NC 27215<br>Attention: Legal Department |