**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **JEFFERSON COUNTY, ALABAMA,** | ) | **Case No. 11-05736-TBB** |
| **a political subdivision of the State of** | ) | |
| **Alabama,** | ) | **Chapter 9** |
| | ) | |
| **Debtor.** | ) | |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT,**
**(II) CONFIRMATION HEARING ON CHAPTER 9 PLAN**
**OF ADJUSTMENT, AND (III) PROCEDURES AND DEADLINES**
**REGARDING CONFIRMATION OF THE PLAN**

**PLEASE TAKE NOTICE THAT**:

1.     **Approval of Disclosure Statement.**  By order dated August 7, 2013 (the "Disclosure Statement Order"), the United States Bankruptcy Court for the Northern District of Alabama, Southern Division (the "Bankruptcy Court") approved the *Disclosure Statement Regarding Chapter 9 Plan of Adjustment for Jefferson County, Alabama (Dated July 29, 2013)* (as it may be amended, supplemented, or modified from time to time, the "Disclosure Statement"), filed by Jefferson County, Alabama (the "County"), and authorized the County to solicit votes with respect to the approval or rejection of the *Chapter 9 Plan of Adjustment for Jefferson County, Alabama (Dated July 29, 2013)* (as it may be amended, supplemented, or modified from time to time by the County in accordance with the terms thereof and Bankruptcy Code section 942, the "Plan").

2.     **Plan Procedures Order.**  By order dated August 7, 2013 (the "Plan Procedures Order"), the Bankruptcy Court granted the County's *Motion for Entry of Order Approving: (A) The Form, Scope, and Nature of Solicitation, Balloting, Tabulation, and Notices with Respect to the "Chapter 9 Plan of Adjustment for Jefferson County, Alabama (Dated June 30, 2013)"; and (B) Related Confirmation Procedures, Deadlines, and Notices* (as subsequently amended on July 29, 2013, the "Plan Procedures Motion").[1]  As set forth herein, and in the Plan Procedures Order, the Bankruptcy Court authorized the County, among other things, to solicit votes with regard to the acceptance or rejection of the Plan and distribute Solicitation Packages containing solicitation materials related to such voting.

3.     **Confirmation Hearing.**  A HEARING (THE "**CONFIRMATION HEARING**") TO CONSIDER CONFIRMATION OF THE PLAN WILL BE HELD ON NOVEMBER 12, 2013 AT 9:00 A.M. (PREVAILING CENTRAL TIME), BEFORE THE HONORABLE THOMAS B. BENNETT, UNITED STATES BANKRUPTCY JUDGE, IN THE BANKRUPTCY COURT, ROBERT S. VANCE FEDERAL BUILDING, 1800 5TH AVENUE NORTH, BIRMINGHAM, ALABAMA 35203.

---

[1]     All capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Plan or the Plan Procedures Motion, as applicable.

The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the County in open court of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be amended, supplemented, or modified, if necessary, prior to, during, or as a result of the Confirmation Hearing in accordance with the terms of the Plan and Bankruptcy Code section 942, without further notice to interested parties.

4. **Objections to the Plan.** Objections, if any, to the confirmation of the Plan must (i) be in writing; (ii) be in the English language; (iii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (iv) state with particularity the basis and nature of any objection to the Plan; (v) include any evidence in support of any objection; and (vi) be filed, together with proof of service, with the Bankruptcy Court and served on the County and all parties on the Master Service List, as that term is defined in the *Order Approving Motion to Establish Notice, Service, and Case Management Procedures Pursuant to Sections 102(1)(A) and 105 of the Bankruptcy Code, and Bankruptcy Rule 2002(m)* [Docket No. 89], as such Master Service List is filed from time to time in the Case and available at http://www.jeffersoncountyrestructuring.com through the link to "Master Service List" (collectively, the "Master Service List Parties"), so that they are actually received no later than **October 7, 2013 at 4:00 p.m. (prevailing Central time)**.

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY WILL BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND WILL NOT BE HEARD AT THE CONFIRMATION HEARING.**

5. **Ballot Record Date for Voting Purposes.** The Ballot Record Date for determining which Creditors are entitled to vote on the Plan is **August 6, 2013**. Therefore, only those Creditors in a Class entitled to vote on the Plan (in accordance with the provisions of the Plan and the Plan Procedures Order) and holding Claims against the County as of the Ballot Record Date are entitled to vote on the Plan.

With respect to transferred Claims, (i) if the notice of transfer required by Bankruptcy Rule 3001(e)(2) is filed on or before the Ballot Record Date, then the Solicitation Package will be mailed to the Transferee in accordance with the notice of transfer, and the Transferee will be entitled to vote to accept or to reject the Plan on account of such Claims; and (ii) if the notice of transfer is filed after the Ballot Record Date, then the Solicitation Package will be mailed to the original Claim holder (based on the Bankruptcy Court's docket and the Claims Register maintained by the Ballot Tabulator), and only the original Claim holder will be entitled to vote to accept or to reject the Plan on account of such Claims.

6. **Ballot Deadline.** All votes to accept or reject the Plan must be received by the County's Ballot Tabulator by **5:00 p.m. (prevailing Central time) on October 7, 2013**. Any failure to follow the voting instructions on the Ballot(s) and/or Master Ballot(s) included with your Solicitation Package may disqualify your Ballots and/or Master Ballots and your vote on the Plan.

7. **Commutation Election.** The Commutation Election is available to, and may be made by, all holders of Class 1-A Claims and Class 1-B Claims entitled to vote on the Plan. Holders of Class 1-A Claims and Class 1-B Claims that are entitled to vote on the Plan should refer to the Commutation Election Procedures (which are enclosed in the Solicitation Packages) and the instructions on their Ballot(s) regarding how to make and how not to make the

2

Commutation Election, and the circumstances and conditions under which such Creditors may be deemed to have made, or not to have made, the Commutation Election.

**IF YOU ARE A HOLDER OF CLASS 1-A CLAIMS AND CLASS 1-B CLAIMS THAT IS ENTITLED TO VOTE ON THE PLAN AND YOU FAIL TO EXECUTE AND RETURN A BALLOT BY THE BALLOT DEADLINE, YOU WILL BE DEEMED TO HAVE MADE THE COMMUTATION ELECTION AND THEREBY RELEASED CERTAIN CLAIMS, INCLUDING AGAINST THE SEWER WARRANT INSURERS (EXCEPT WITH RESPECT TO ANY SERIES 2003-B-8 SEWER WARRANTS YOU HOLD OR AS A RESULT OF THE RESCISSION OF DEEMED ELECTION PROCEDURE DESCRIBED BELOW WITH RESPECT TO ANY SERIES 2003-C-9 THROUGH C-10 SEWER WARRANTS YOU HOLD).**

8.    **Rescission of Deemed Election.**    The Rescission of Deemed Election is available to, and may be made by, those holders, as of the Ballot Record Date, of Claims with respect to the Series 2003-C-9 Through C-10 Sewer Warrants that are deemed to have made the Commutation Election.   Such holders will receive, as soon as practicable after the Ballot Deadline, a Rescission of Deemed Election Notice with further instructions on how they can exercise the Rescission of Deemed Election.  As will be set forth in the instructions, the deadline by which the Ballot Tabulator must receive the Rescission of Deemed Election is **5:00 p.m. on November 5, 2013 (prevailing Central Time).**   The Rescission of Deemed Election will be available only with respect to the Commutation Election and will not affect any votes on the Plan or any other releases or certifications that the Deemed Commuting Holders may have effected through the execution of Ballots.  Holders of Series 2003-C-9 Through C-10 Sewer Warrants that affirmatively checked the applicable box on their respective Ballot indicating whether or not they were making the Commutation Election on or before the Ballot Deadline will not receive the Rescission of Deemed Election Notice and will not be permitted to exercise any Rescission of Deemed Election.

9.    **Certain Claims Not Entitled to Vote.**  Holders of Claims in Classes 3-A, 3-B, 4, 5-B, 5-C, and 8 are unimpaired and are conclusively presumed to accept the Plan pursuant to Bankruptcy Code section 1126(f).  Holders of Claims in Classes 1-E, 1-F, and 9 are impaired and are deemed to reject the Plan pursuant to Bankruptcy Code section 1126(g).  Accordingly, such holders will receive a Notice of Non-Voting Status, rather than Ballot(s) and a Solicitation Package.  Any objection to a Notice of Non-Voting Status must be filed and pursued as an objection to Plan confirmation by **October 7, 2013 at 4:00 p.m. (prevailing Central time)** and will be resolved at the Confirmation Hearing.

10.    **Tabulation Rules and Rule 3018 Motions.**  The procedures for balloting and for the tabulation of Ballots and Master Ballots are set forth in **Exhibit 6** to the Plan Procedures Motion.  To the extent that any claimant seeks different treatment of its Claim for voting purposes, other than in accordance with the Tabulation Rules, such claimant shall file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim in a different amount and/or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion"), and shall serve such Rule 3018 Motion on the County's counsel so that it is received by the later of (x) **September 27, 2013**, and (y) ten (10) calendar days after the date of service of a notice of objection, if any, to the applicable Claim.  Any Ballot submitted by a claimant that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Rules unless and until the underlying Claim is temporarily allowed by order of the Court for voting purposes in a different amount and/or classification, after notice and a hearing.

3

11.      **Additional Information.**  Any party in interest wishing to obtain (i) information about the solicitation procedures or (ii) copies of the Plan, Disclosure Statement, Disclosure Statement Order, the approved forms of Ballots, the Plan Procedures Motion, and/or Plan Procedures Order, should contact the County's Claims and Noticing Agent and Ballot Tabulator, Kurtzman Carson Consultants LLC ("KCC"), at http://www.jeffersoncountyrestructuring.com.  In addition, copies of the Disclosure Statement and Plan are available upon request by contacting KCC at Jefferson County Ballot Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 or by telephone at (866) 967-0677.  Copies of the Plan, the Disclosure Statement, the Disclosure Statement Order, the Plan Procedures Motion, and the Plan Procedures Order are also available for review and download at the Bankruptcy Court's website, www.alnb.uscourts.gov.  Alternatively, these documents may be accessed through the Bankruptcy Court's "PACER" website, https://ecf.alnb.uscourts.gov.  A PACER password and login are needed to access documents on the Court's "PACER" website.  A PACER password can be obtained at http://www.pacer.gov.

12.      **Releases and Injunction Language in the Plan.**  As set forth in Sections 6.2 and 6.3 of the Plan, the Plan provides for, among others, the following releases and injunctions:

**Section 6.2.      Discharge and Injunctions.**

**The rights afforded in the Plan and the treatment of all Claims by the Plan shall be in exchange for and in complete settlement, satisfaction, discharge, and release of, and injunction against, all Claims of any nature whatsoever arising prior to the Effective Date against the County or its property, including any interest accrued on such Claims from and after the Petition Date.**

**Except as otherwise provided in the Plan or the Confirmation Order, on the Effective Date, (a) the County and its property are discharged and released to the fullest extent permitted by Bankruptcy Code section 944(b) from all Claims and rights that arose before the Effective Date, including all debts, obligations, demands, and liabilities, and all debts of the kind specified in Bankruptcy Code sections 502(g), 502(h), or 502(i), regardless whether (i) a proof of Claim based on such debt is Filed or deemed Filed, (ii) a Claim based on such debt is allowed pursuant to Bankruptcy Code section 502, or (iii) the holder of a Claim based on such debt has or has not accepted the Plan; (b) any judgment underlying a Claim discharged hereunder is void; and (c) all Persons are precluded from asserting against the County or its property, whether directly or on behalf of the County, any Claims or rights based on any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date.**

**Except as otherwise provided in the Plan or the Confirmation Order, on and after the Effective Date, all Persons who have held, currently hold, or may hold a Claim that is based on any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, that otherwise arose or accrued prior to the Effective Date, or that otherwise is discharged pursuant to the Plan, are permanently and completely enjoined from taking any of the following actions on account of any such discharged Claim (the "Permanent Injunction"): (a) commencing, conducting, or continuing in any manner any suit, action, or other proceeding of any kind against or affecting the County, its property, its obligations, or any of its Related Parties that is inconsistent with the Plan or the Confirmation Order; (b) attaching, collecting, enforcing, levying, or otherwise recovering in any manner any award, decree, judgment, or order against or affecting the County, its property, its obligations, or any of its Related Parties other than as expressly**

4

permitted under the Plan; (c) creating, perfecting, or otherwise enforcing in any manner any lien or encumbrance of any kind against or affecting property of the County, other than as expressly permitted under the Plan; (d) asserting any right of recoupment, setoff, or subrogation of any kind against any obligation due to the County with respect to any such discharged Claim, except as otherwise permitted by Bankruptcy Code section 553; (e) acting or proceeding in any manner, in any place whatsoever, that does not comply with or is inconsistent with the provisions of the Plan, the Confirmation Order, or the discharge provisions of Bankruptcy Code section 944; and (f) taking any actions to interfere with the implementation or consummation of the Plan. The County and any other Person injured by any willful violation of the Permanent Injunction shall recover actual damages, including costs, expenses, and attorneys' fees, and, in appropriate circumstances, may recover punitive damages, from the willful violator.

Except as otherwise provided in the Plan, all injunctions or stays in effect in the Case under Bankruptcy Code sections 105, 362(a), or 922(a), or otherwise, on the Confirmation Date shall remain in full force and effect through and including the Effective Date.

Section 6.3.    Releases and Injunctions.

(a)    Sewer Releases and Injunctions.

Under the Plan and as of the Effective Date, each Sewer Released Party, on behalf of itself, and to the maximum extent permitted by law, on behalf of each of its Related Parties, in exchange for and upon receipt of the treatment and consideration set forth in the Plan for the Sewer Released Parties, including the compromises and settlements among the Sewer Released Parties implemented pursuant to the Plan, forever waives and releases all other Sewer Released Parties and their respective Related Parties from any and all Sewer Released Claims.

Under the Plan and as of the Effective Date, all Persons who voted to accept the Plan or who made or are deemed to have made the Commutation Election will be conclusively deemed to have irrevocably and unconditionally, fully, finally, and forever waived and released and discharged on their own behalf, and on behalf of any Person claiming through them, all Sewer Released Parties and their respective Related Parties from any and all Sewer Released Claims.

From and after the Effective Date, the County, any Person seeking to exercise the rights of the County (including in respect of the County's Causes of Action purportedly asserted in the Bennett Action and the Wilson Action), all Persons holding any Sewer Released Claims that are waived and released pursuant to this Section 6.3(a), and all Persons acting or purporting to act on behalf of any Persons holding any Sewer Released Claims that are waived and released pursuant to this Section 6.3(a), are permanently and completely enjoined from commencing or continuing any action, directly or indirectly and in any manner, to assert, pursue, litigate, or otherwise seek any recovery on or on account of such Sewer Released Claims.

From and after the Effective Date, the Sewer Warrant Trustee, any holders of Sewer Warrants, or any other Person are permanently and completely enjoined from pursuing any right of payment under (i) any of the Sewer DSRF Policies, which will be cancelled and of no further force or effect pursuant to Section 4.7; or (ii) any of the Sewer

Case 11-05736-TBB9    Doc 1979    Filed 08/08/13    Entered 08/08/13 12:01:04    Desc
Main Document      Page 5 of 8

**Wrap Policies with respect to any Sewer Warrant holder that made or was deemed to have made the Commutation Election, which Sewer Wrap Policies will be cancelled and of no further force or effect pursuant to Section 4.7; *provided, however*, that such injunction shall not enjoin any holders of Sewer Warrants that did not make or were deemed not to make the Commutation Election, or, if applicable, the Sewer Warrant Trustee on their behalf, from pursuing any Sewer Wrap Payment Rights.**

  (b)  <u>GO Releases and Injunctions</u>.

    **Under the Plan and as of the Effective Date, each GO Released Party, on behalf of itself, and to the maximum extent permitted by law, on behalf of each of its Related Parties, in exchange for and upon receipt of the treatment and consideration set forth in the Plan for the GO Released Parties, including the compromises and settlements among the GO Released Parties implemented pursuant to the Plan, forever waives and releases all other GO Released Parties and their respective Related Parties from any and all GO Released Claims.**

    **Under the Plan and as of the Effective Date, all Persons who voted to accept the Plan will be conclusively deemed to have irrevocably and unconditionally, fully, finally, and forever waived and released and discharged on their own behalf, and on behalf of any Person claiming through them, all GO Released Parties and their respective Related Parties from any and all GO Released Claims.**

    **From and after the Effective Date, the County, any Person seeking to exercise the rights of the County, all Persons holding any GO Released Claims that are waived and released pursuant to this Section 6.3(b), and all Persons acting or purporting to act on behalf of any Persons holding any GO Released Claims that are waived and released pursuant to this Section 6.3(b), are permanently and completely enjoined from commencing or continuing any action, directly or indirectly and in any manner, to assert, pursue, litigate, or otherwise seek any recovery on or on account of such GO Released Claims.**

  (c)  <u>Necessity and Approval of Releases and Injunctions</u>.

    **The releases and injunctions set forth in this Section 6.3 are integral and critical parts of the Plan and the settlements implemented pursuant to the Plan, the approval of such releases pursuant to the Confirmation Order is a condition to the occurrence of the Effective Date, and all Sewer Released Parties and all GO Released Parties have relied on the efficacy and conclusive effects of such releases and injunctions and on the Bankruptcy Court's retention of jurisdiction to enforce such releases and injunctions when making concessions pursuant to the Plan and by agreeing to, accepting, and supporting the settlement and treatment of their respective Claims, Causes of Action, and other rights under the Plan.**

    **Pursuant to Bankruptcy Code sections 1123(a)(5), 1123(b)(3), and 1123(b)(6), as well as Bankruptcy Rule 9019, entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the releases and injunctions set forth in this Section 6.3, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that such releases and injunctions are: (1) in exchange for the good and valuable consideration provided by the Sewer Released Parties, the GO Released Parties, and their respective Related Parties; (2) a**

**good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the County and all Creditors; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the releasing parties as set forth herein asserting any Claims or Causes of Action released pursuant to such release.**

13. **Validation of the New Sewer Warrants, the Approved Rate Structure, and the Allowance of Sewer Debt Claims.** As set forth in Sections 5.10, 5.11, and 5.12 of the Plan, the Plan provides for the Bankruptcy Court to make binding judicial determinations and validations of the New Sewer Warrants to be issued under the Plan, of the associated Approved Rate Structure and Rate Resolution, and of the allowance of certain Sewer Debt Claims under the Plan. More specifically,

- Section 5.10 of the Plan provides that, pursuant to Bankruptcy Code sections 944(a), 944(b)(3), 105(a), and 1123(b)(6), from and after the Effective Date, confirmation of the Plan shall be a binding judicial determination that the New Sewer Warrants, the New Sewer Warrant Indenture, the Rate Resolution, and the covenants made by the County for the benefit of the holders thereof (including the revenue and rate covenants in the New Sewer Warrant Indenture) will constitute valid, binding, legal, and enforceable obligations of the County under Alabama law and that the provisions made to pay or secure payment of such obligations are valid, binding, legal, and enforceable security interests or liens on or pledges of revenues, which validation will be set forth in the Confirmation Order in substantially the form set forth in the Plan.

- Section 5.11 of the Plan provides that, pursuant to Bankruptcy Code sections 944(a), 944(b)(3), 105(a), and 1123(b)(6), from and after the Effective Date, the Confirmation Order shall be a binding judicial determination that (i) the Approved Rate Structure is a valid provision made to pay or secure payment of the New Sewer Warrants and is appropriate, reasonable, non-discriminatory, and legally binding on and specifically enforceable against the County, in accordance with the Plan and under applicable law; and (ii) the County Commission shall adopt and maintain the Approved Rate Structure in accordance with the Rate Resolution and as necessary for the County to satisfy the obligations arising under the New Sewer Warrants and the New Sewer Warrant Indenture (and to otherwise comply with all applicable state and federal laws regarding the maintenance and operation of the Sewer System), including increases in sewer rates to the extent necessary to allow the timely satisfaction of the County's obligations under the New Sewer Warrants and the New Sewer Warrant Indenture (and to otherwise comply with all applicable state and federal laws regarding the maintenance and operation of the Sewer System). Without limitation, from and after the Effective Date, (a) the Confirmation Order shall constitute a consent decree binding upon, specifically enforceable against, and a basis for mandamus against the County, the County Commission, and all other Persons in accordance with the Plan; (b) the validity and enforceability of the Approved Rate Structure and the Rate Resolution shall not be subject to any collateral attack or other challenge by any Person in any court or other forum from and after the Effective Date; and (c) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the Approved Rate Structure and the Rate Resolution, to require the County to otherwise comply with the New Sewer Warrants and the New Sewer Warrant Indenture, and to hear and adjudicate any action or proceeding enforcing, challenging, or collaterally attacking the Approved Rate Structure or the Rate Resolution.

- Section 5.12 of the Plan provides that confirmation of the Plan shall be a binding judicial determination that the allowance on the Effective Date of Allowed Claims in Class 1-A, Class 1-B, Class 1-C, and Class 1-D is appropriate and binding on, specifically enforceable against, and a

7

basis for mandamus against the County, the County Commission, and all other Persons in accordance with the Plan, because, among other things, the allowance of such Claims, along with treatment of those Allowed Claims under the Plan, is a necessary predicate to the issuance of the New Sewer Warrants. This validation under the Plan will be full, final, complete, binding, and conclusive as to the County and all Persons, including all Persons that could assert or purport to assert any rights by or on behalf of the County. Accordingly, the validity and enforceability of the allowance of the Allowed Claims in Class 1-A, Class 1-B, Class 1-C, and Class 1-D along with the treatment of those Allowed Claims under the Plan, shall (i) moot any pending Causes of Action challenging the validity or enforceability of the Sewer Warrants or the issuance thereof, payments of principal and interest made in respect of the Sewer Warrants, or any Sewer System rates or charges established or collected by the County in connection with the issuance or the payment of debt service in respect of the Sewer Warrants, or seeking the return to the County of any payment made by the County in connection with the Sewer Warrants or any financing or other transaction regarding the Sewer System; and (ii) not be subject to any collateral attack or other challenge by any Person in any court or other forum from and after the Effective Date.

> **Each of these judicial determinations and validations under the Plan will be full, final, complete, binding, and conclusive as to the County and all Persons, including all Persons that could assert or purport to assert any rights by or on behalf of the County.** Accordingly, and without limitation, (a) the Confirmation Order shall constitute a consent decree binding upon, specifically enforceable against, and a basis for mandamus against the County, the County Commission, and all other Persons in accordance with the Plan; (b) the validity and enforceability of the Approved Rate Structure, the Rate Resolution, the New Sewer Warrants, the New Sewer Warrant Indenture, the covenants made by the County for the benefit of the holders of the New Sewer Warrants (including the revenue and rate covenants in the New Sewer Warrant Indenture), the allowance of the Allowed Claims in Class 1-A, Class 1-B, Class 1-C, and Class 1-D and the treatment of those Allowed Claims under the Plan shall not be subject to any collateral attack or other challenge by any Person in any court or other forum from and after the Effective Date; and (c) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the Approved Rate Structure and the Rate Resolution, to require the County to otherwise comply with the New Sewer Warrants and the New Sewer Warrant Indenture, and to hear and adjudicate any action or proceeding enforcing, challenging, or collaterally attacking the Approved Rate Structure or the Rate Resolution and/or the allowance of the Allowed Claims in Class 1-A, Class 1-B, Class 1-C, and Class 1-D, along with the treatment of those Allowed Claims under the Plan.

DATED: August 8, 2013    /s/ J. Patrick Darby _____

              BRADLEY ARANT BOULT CUMMINGS LLP
              J. Patrick Darby

              *-and-*

              KLEE, TUCHIN, BOGDANOFF & STERN LLP
              ***Counsel for Jefferson County, Alabama***

Case 11-05736-TBB9  Doc 1979  Filed 08/08/13  Entered 08/08/13 12:01:04  Desc
Main Document    Page 8 of 8